FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 24 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
SHENNA DELOACHE,

        Plaintiff,

    -v-

MTA BUS COMPANY et al.,

        Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-4718 (MKB)

MARGO K. BRODIE, United States District Judge.

On September 20, 2012, *pro se* plaintiff, Shenna Deloache, filed the instant complaint alleging violations pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The Court grants plaintiff's requests to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, solely for the purpose of this order. For the reasons stated below, plaintiff is directed to file an amended complaint within thirty (30) days of the date of this order.

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted); *see also Pacheco v. Connecticut*, 471 F. App'x 46, 47 (2d Cir. 2012) (summary order) (upholding *sua sponte* dismissal of a *pro se* complaint under § 1915A); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing dismissal under the statute).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (citations omitted)); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008) ("[W]hen [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (alteration in original) (citations omitted); *Abbas*, 480 F.3d at 639. (A court "must liberally construe [*pro se*] pleadings, and must interpret [*pro se*] complaint to raise the strongest arguments it suggest."). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Abbas*, 480 F.3d at 639 (A court "must accord the inmate an opportunity to amend the complaint 'unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" (citations omitted)).

## Discussion

Here, the nature of plaintiff's Title VII claim is unclear. Plaintiff alleges that "[a]fter being hired at MTA Bus an employee Donnie Osbourne did a background check on me which he admitt[ed] made copies and gave it out. After I was harassed." Compl. at 4, ¶ 8. Plaintiff further alleges that she was retaliated against after she testified against a supervisor. *Id.*

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima

facie case of discrimination, a plaintiff must show that: (1) she is a member of a protected class, (2) was qualified for the position she held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland,* 609 F.3d 486, 491 (2d Cir. 2010) (describing the elements of a prima facie discrimination case); *Joseph v. North Shore Univ. Hosp.,* No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011) (same).

Moreover, Title VII prohibits an employer from retaliating against an employee who engages in protected activity. It is well settled that "[t]he term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination." *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 566 (2d Cir. 2000); *see also Tepperwien v. Entergy Nuclear Operations, Inc.,* 663 F.3d 556, 567 (2d Cir. 2011) (Title VII "prohibits an employer from taking 'materially adverse' action against an employee because the employee opposed conduct that Title VII forbids or the employee otherwise engaged in protected activity." (citations omitted)).

Here, plaintiff fails to properly plead a claim under Title VII insofar as she fails to allege that she was discriminated against because of her race, color, religion, sex or national origin. *See Rich v. Associated Brands, Inc.,* 379 Fed. App'x. 78, 80, n.1 (2d Cir. 2010) (summary order) ("Title VII . . . protects against discrimination based on an 'individual's race, color, religion, sex, or national origin[.]' "). Likewise, plaintiff fails to properly plead a plausible claim for retaliation, since she has not alleged that she engaged in protected activity that is covered by Title VII. *See Woodworth v. Shinseki,* 447 F. App'x 255, 257 n. 2 (2d Cir. 2011) *cert. denied,* 132 S. Ct. 1871 (2012) (summary order) ("Title VII only protects an employee from retaliation for engaging in a protected activity (for example, making the complaint to the EEO office) which relates to discrimination on the basis of race, color, religion, sex or national origin."); *Santucci v.*

*Veneman,* No. 01 Civ. 6644, 2002 WL 31255115, at *3 (S.D.N.Y. Oct. 8, 2002) ("[T]he protected activity alleged [in a Title VII retaliation case] must involve some sort of complaint about a type of discrimination that Title VII forbids.").

## Conclusion

Accordingly, plaintiff is directed to file an amended complaint, within 30 days of the date of this order, in support of her Title VII and retaliation claims, or the complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is advised that any amended complaint she files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                    S/Judge Brodie
                                                    MARGO K. BRODIE
                                                    United States District Judge

Dated: Brooklyn, New York
       September 24, 2012